UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GARY WAYNE HORNBURG, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 1:06CV59 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon Gary Wayne Hornburg's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"), filed April 25, 2006. (Doc. No. 1). The matter is fully briefed and ready for disposition.

## BACKGROUND

Movant Gary Wayne Hornburg ("Movant") was charged by Indictment with one count of conspiracy to manufacture five grams or more of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 846. (Indictment (1:04CR211 JCH, Doc. No. 1)). On February 28, 2005, Movant entered a plea of guilty to Count 1 of the Indictment, pursuant to a Plea Agreement, Guidelines Recommendations and Stipulation of Facts Relative to Sentencing. (Change of Plea Proceeding (1:04CR211 JCH, Doc. Nos. 24, 25)). On May 23, 2005, the Court sentenced Movant to 210 months imprisonment, followed by four years supervised release. (Judgment (1:04CR211 JCH, Doc. No. 31)). Movant did not appeal his conviction or sentence.

On April 25, 2006, Movant filed the instant § 2255 Motion. In his motion, Movant presents four grounds for relief, as follows:

(1) That Movant made "deals" with the Drug Enforcement Administration ("DEA") while he was incoherent, due to his being extremely ill and on medication in the hospital;

(2)  That Movant received ineffective assistance of counsel, in that counsel erroneously assured Movant that in the event he plead guilty, he would receive a sentence between 120 and 144 months imprisonment;

(3)  That Movant received ineffective assistance of counsel from an attorney he retained to represent him during state court proceedings; and

(4)  That Movant provided assistance to both the DEA and the United States Marshal's Service that was not reflected in his sentence.

(§ 2255 Motion, PP. 5-11).

## STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack,..." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, can be raised "on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" Reed v. Farley, 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994) (citations omitted).[1]

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (quoting Wade v. Armontrout, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing if

---

[1] "[A]t least where mere statutory violations are at issue, '§ 2255 was intended to mirror § 2254 in operative effect.'" Reed, 512 U.S. at 353 (quoting Davis v. United States, 417 U.S. 333, 344 (1974)).

the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" Shaw, 24 F.3d at 1043 (citation omitted).

## DISCUSSION

**I. Ground 1**

As stated above, in Ground 1 of his § 2255 Motion, Movant asserts he made "deals" with the DEA while he was incoherent, due to his being extremely ill and on medication in the hospital. (§ 2255 Motion, P. 5). Movant further asserts that as a result of his illness, he was in distress and unable to exercise clear judgment in his decision-making process. (Id.). Movant fails to delineate the substance of the deals that were allegedly made, however, or how the enforcement or non-enforcement of those deals has resulted in a wrong this Court may address through a § 2255 Motion.

Upon consideration, the Court will deny this claim for relief, as the record before the Court establishes there existed no deals between the DEA and Movant. Rather, the plea agreement in Movant's case, which Movant himself signed on February 28, 2005, states in relevant part as follows:

> This document constitutes the entire agreement between the [Movant] and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case or the agreements, recommendations or stipulations contained herein. In addition, the [Movant] states that no person has, directly or indirectly, threatened or coerced the [Movant] to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

(Plea Agreement, attached to Government's Response as Exh. A, ¶ 11). Furthermore, Movant himself confirmed that no deals existed during his plea colloquy with this Court, as follows:

| THE COURT: | Now has anyone made any promises or assurances to you other than what's contained in this document (the plea agreement) in order to cause you to plead guilty? |
|---|---|
| THE DEFENDANT: | No, Ma'am. |
| THE COURT: | Has anyone tried to force or coerce you into pleading guilty? |

THE DEFENDANT: No, Ma'am.

(Change of Plea Hearing Transcript, attached to Government's Response as Exh. B, P. 5). In light of these admissions on Movant's part, the Court finds no evidence Movant entered into additional agreements with the DEA while under the influence of medication. Ground 1 is denied.

## II. Ground 2

In Ground 2 of his § 2255 Motion, Movant maintains he received ineffective assistance of trial counsel, in that counsel erroneously assured Movant that in the event he plead guilty, he would receive a sentence between 120 and 144 months imprisonment.[2] (§ 2255 Motion, P. 6). In order to prevail on a claim of ineffective assistance of counsel, Movant must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Movant must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Movant satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 691. Movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In the context of a guilty plea, to demonstrate prejudice the movant must show

---

[2] Although Movant did not raise his claim of ineffective assistance of counsel on direct appeal, it is not subject to procedural default, as it could not have been raised on direct appeal. See United States v. Jones, 121 F.3d 369, 370 (8th Cir. 1997) (internal quotations and citation omitted) ("An ineffective assistance of trial counsel claim is usually not cognizable on direct appeal because facts outside the record generally need to be developed to resolve the claim.").

that, but for counsel's error, he would not have pled guilty, but would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

Upon consideration, the Court holds it need not consider whether Movant's counsel's performance was deficient, as Movant fails to demonstrate the requisite prejudice; in other words, he fails to establish that absent his counsel's alleged error, he would have insisted on proceeding to trial. Rather, during the guilty plea proceeding, the District Court questioned Movant extensively regarding his decision to plead guilty, as follows:

> THE COURT: Now Mr. Hornburg, have you received a copy of the indictment or the charge in this case?
>
> THE DEFENDANT: Yes, Ma'am.
>
> THE COURT: And have you had an opportunity to discuss the charge itself with Mr. Rowanswank?
>
> THE DEFENDANT: Yes, Ma'am.
>
> THE COURT: Do you have any question about the charge?
>
> THE DEFENDANT: No, Ma'am....
>
> THE COURT: Now I have received a document entitled "Plea Agreement, Guidelines, Recommendations and Stipulations." This is a 17-page document, and I have the original in front of me. Do you have a copy there in front of you?
>
> THE DEFENDANT: Yes, Ma'am.
>
> THE COURT: Turning to Page 16 which is the second to last page, is that your signature, Mr. Hornburg, on the middle signature?
>
> THE DEFENDANT: Yes, Ma'am.
>
> THE COURT: And did you sign that today?
>
> THE DEFENDANT: Yes, Ma'am....
>
> THE COURT: Now, Mr. Hornburg, have you had an opportunity to review and discuss this document with Mr. Rosanswank?

| | |
|---|---|
| THE DEFENDANT: | Yes, Ma'am. |
| THE COURT: | And are you in agreement with everything contained in this document? |
| THE DEFENDANT: | Yes, Ma'am. |
| THE COURT: | Is there anything in this document with which you disagree? |
| THE DEFENDANT: | No, Ma'am. |
| THE COURT: | Do you have any questions about any provision of this document? |
| THE DEFENDANT: | No, Ma'am. |
| THE COURT: | Now has anyone made any promises or assurances to you other than what's contained in this document in order to cause you to plead guilty? |
| THE DEFENDANT: | No, Ma'am.[3] |
| THE COURT: | Has anyone tried to force or coerce you into pleading guilty? |
| THE DEFENDANT: | No, Ma'am. |
| THE COURT: | Are you doing this of your own free will? |
| THE DEFENDANT: | Yes, Ma'am.... |
| THE COURT: | How do you plead to Count I? Guilty or not guilty? |
| THE DEFENDANT: | Guilty. |

(Change of Plea Hearing Transcript, PP. 3, 4-5, 15). The Court further questioned Movant with respect to his satisfaction with his counsel, as follows:

| | |
|---|---|
| THE COURT: | Now are you satisfied with the representation that you have received in this case from Mr. Rosanswank? |

---

[3] In the plea agreement itself, Movant acknowledged that, "neither defense counsel nor the government have made representations which are not included in this document as to the sentence to be imposed." (Plea Agreement, ¶ 2(C)(2)).

- 6 -

>           THE DEFENDANT:    Yes, Ma'am.
>
>           THE COURT:        Do you have any complaints whatsoever about his representation of you?
>
>           THE DEFENDANT:    No, Ma'am....

(Change of Plea Hearing Transcript, P. 4). Finally, the Court questioned Movant with respect to his understanding of the applicable sentencing range, as follows:

>           THE COURT:        Now, Mr. Hornburg, do you understand that the maximum possible penalty under law for the offense in Count I is imprisonment of not more than 40 years, a fine of not more than two million dollars or both imprisonment and a fine?
>
>           THE DEFENDANT:    Yes, Ma'am....
>
>           THE COURT:        And do you understand that if I accept your guilty plea, there is a mandatory minimum sentence of imprisonment of at least five years?
>
>           THE DEFENDANT:    Yes, Ma'am.
>
>           THE COURT:        Now do you also understand, Mr. Hornburg, that if I accept your plea of guilty, in order to determine what sentence to impose, I will be consulting the *Sentencing Guidelines*?
>
>           THE DEFENDANT:    Yes, Ma'am.
>
>           THE COURT:        Now have you discussed with Mr. Rosanswank how the *Guidelines* might apply in your case?
>
>           THE DEFENDANT:    Yes, Ma'am....

(Change of Plea Hearing Transcript, PP. 6-7).[4] Based on Movant's representations during his Change of Plea proceeding, the Court held as follows:

>           THE COURT:        It is the finding of the Court in the case of *United States vs. Hornburg* that the Defendant is fully competent and capable of entering an informed plea; that the Defendant is aware of

---

[4] At no time during his change of plea proceeding or sentencing proceeding did Movant indicate he was told he would receive a particular sentence.

> the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense. The plea to Count I is, therefore, accepted and the Defendant is now adjudged to be guilty of that offense.

(Change of Plea Hearing Transcript, P. 15).[5]

The Eighth Circuit has held that, "'[s]olemn declarations in open court carry a strong presumption of verity.'" Smith v. Lockhart, 921 F.2d 154, 157 (8th Cir. 1990), quoting Blackledge v. Allison, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977). This Court thus finds that Movant's own testimony demonstrates he voluntarily pled guilty, with a full understanding of the potential sentencing range, and further received effective assistance of counsel. Smith, 921 F.2d at 157. Movant's second ground for relief will therefore be denied.

## III. Ground 3

In Ground 3 of his § 2255 Motion, Movant maintains he was denied effective assistance of counsel from an attorney he retained to represent him during state court proceedings. (§ 2255 Motion, P. 8). Specifically, Movant asserts as follows:

> Movant paid his attorney Curtis Poore $3500 to represent him for State charges that were dropped. No representation or refund. Movant, Mr. Hornburg had an attorney he had already paid a retainer's fee to. Family was advising through attorney Curtis Poore of Cape Girardeau. Mr. Jeffrey Rosanswank, appointed for federal representation was obtained while in the hospital. Family was not aware of Movant's condition or status until all events had occurred and were sealed. There was no representation or refund from attorney Curtis Poore to Movant or family.

(Id.).

---

[5] Movant further did not file any objections to the Presentence Report, which determined the advisory sentencing guideline range to be between 188 and 235 months. (See Defendant's Response to Presentence Investigation Report (1:04CR211 JCH, Doc. No. 28)).

- 8 -

Upon consideration, the Court agrees with the Government that, with these allegations, Movant fails to demonstrate how his alleged dissatisfaction with an attorney retained on state charges invalidates Movant's plea of guilty or sentence in the federal case at hand. (See Government's Response, PP. 16-17; see also Affidavit of Mr. Curtis Poore, attached to Government's Response as Exh. D). Ground 3 of Movant's § 2255 Motion must therefore be denied.

## IV.  Ground 4

In Ground 4 of his § 2255 Motion, Movant contends he provided assistance to both the DEA and the United States Marshal's Service that was not reflected in his sentence. (§ 2255 Motion, P. 9). In his supporting facts for Ground 4, Movant states as follows: "Movant gave assistance to Larry Gregory of the DEA and was willing to comply further....Mr. Gregory was informed that Movant wanted to be of more assistance but did not contact Mr. Hornburg once returned to Perry County Jail in Perryville, MO. Movant feels his sentence would have been better reflected if communication had been restored with Mr. Gregory." (Id.).

Upon consideration, the Court finds Ground 4 of Movant's § 2255 Motion fails for two reasons. First, the Court notes Movant provides absolutely no information with respect to the additional assistance he allegedly would have provided; thus, the Court has no basis to conclude Movant was entitled to a reduction in his sentence based on substantial assistance. Second, the Court notes Movant's plea agreement states in relevant part as follows:

> The [Movant] has offered to assist the government in its ongoing investigation. However, the [Movant] has not provided substantial assistance at this time....The [Movant] fully understands that the government alone will determine what constitutes substantial assistance and the government alone will determine whether to file a motion for downward departure or reduction of sentence as may be appropriate. The [Movant] further understands that there will be no downward departure or reduction of sentence without a motion by the government. The [Movant] further understands that mere assistance is not enough to warrant a downward departure motion or motion for reduction of sentence and that such a motion is warranted only for substantial assistance. The [Movant] understands that

even if the information provided is truthful and complete, it will not be substantial assistance if the government regards the information to be insufficiently significant or insufficiently helpful.

(Plea Agreement, ¶ 2(G)). Movant's attorney acknowledged during the sentencing hearing that as of that date, the Government had not found Movant provided substantial assistance. (Sentencing Hearing Transcript, attached to Government's Response as Exh. C, P. 4; see also Affidavit of Mr. Larry Gregory, Special Agent to the DEA, ¶ 9 ("I am not aware of any information that HORNBURG shared at any time that resulted in any additional indictments, arrests, or furthered the investigations of any law enforcement agencies.")).

Based on the foregoing, the Court finds Ground 4 of Movant's § 2255 Motion is without merit and must be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED,** and Movant's claims are **DISMISSED** with prejudice. An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

Dated this 12st day of December, 2006.

/s/ Jean C. Hamiton
UNITED STATES DISTRICT JUDGE